UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL-<br>HOUSTON HEIGHTS, <br><br>        Plaintiff, <br><br>        v. <br><br>TOMMY G. THOMPSON, <br>Secretary of Health and Human Services, <br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil No. 05-1791 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, by and through his undersigned counsel, answers Plaintiff Select Specialty Hospital-Houston Heights ("the Provider")'s Complaint for Judicial Review of Final Adverse Agency Action (the "Complaint") as follows:

### FIRST DEFENSE

If the Court affirms the Secretary's finding that the Provider Reimbursement Review Board ("PRRB") lacked jurisdiction over Plaintiff's administrative appeal, then this Court lacks subject matter jurisdiction over the underlying merits of this action.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

1. Admits.

2. This paragraph contains Plaintiff's characterization of this lawsuit, not allegations of fact, and thus no response is required.

3. This paragraph contains Plaintiff's characterizations of the Balanced Budget Act of 1997 and of the Medicare statute, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

4. This paragraph contains Plaintiff's characterization of its contentions in this lawsuit, not allegations of fact, and thus no response is required.

5. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that the Provider did not receive a continuous improvement bonus ("CIB") for its cost report period ended August 31, 1999 because it did not qualify for a CIB and because the Provider did not even claim a CIB in its cost report inasmuch as it did not complete any of the cost report lines which are used to compute and claim a CIB (i.e., lines 58.01, 58.02, and 58.03 of Worksheet D-1, Part II of CMS Form 2552-96.)

6. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo(a), 42 C.F.R. § 405.1835-405.1841, and to the Medicare manual provisions and caselaw which govern the jurisdiction of the PRRB, including the

"dissatisfaction" requirement. The second and third sentences contain Plaintiff's characterization of the basis for and elements of the PRRB's May 10, 2005 decision, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the text of the PRRB's May 10, 2005 decision (see Administrative Record for Select Specialty Hospital Houston Heights v. Leavitt, 1:05CV-1791 (D.D.C. filed September 9, 2005) ("A.R.") 31-37), which is the best evidence of the document's contents, for a full and accurate statement of its contents.

7. The first sentence of this paragraph contains Plaintiff's characterization of the Administrator's July 11, 2005 decision, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the text of that decision (see A.R. 2-9), which is the best evidence of the document's contents, for a full and accurate statement of its contents. Admits the second sentence.

8-10. These paragraphs contain Plaintiff's characterization of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.

11. Admits.

12. The first, second, and third sentences of this paragraph contain Plaintiff's characterization of Part A of the Medicare Act (42 U.S.C. §§ 1395c-1395i-5), as well as of 42 U.S.C. § 1395ww(d), 42 C.F.R. § 412.23(e), and 42 C.F.R. § 413.1(d)(viii), not

allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Admits the fourth sentence.

13. The first and second sentences of this paragraph contain Plaintiff's characterization of Pub. L. No. 105-33 (Aug. 5, 1997), codified at 42 U.S.C. §§ 1395ww(b)(2) and 1395ww(2)(B)(i), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Denies the third sentence.

14. The first sentence of this paragraph contains Plaintiff's characterization of 42 C.F.R. § 413.30(d)(5), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the second sentence.

15. Admits.

16. Admits the first, second, third, fourth, and sixth sentences of this paragraph. Denies the fifth sentence.

17. Admits the first, second, and third sentences of this paragraph. Denies the fourth sentence, except to admit that the Provider did not receive a CIB for its cost report

period ended August 31, 1999 because it did not qualify for a CIB and because the Provider did not even claim a CIB in its cost report inasmuch as it did not complete any of the cost report lines which are used to compute and claim a CIB (i.e., lines 58.01, 58.02, and 58.03 of Worksheet D-1, Part II of CMS Form 2552-96.)

18. The first and second sentences of this paragraph contain Plaintiff's characterization of its contentions in this lawsuit, not allegations of fact, and thus no response is required. Denies the third and fourth sentences.

19. Admits the first sentence of this paragraph. The second sentence contains conclusions of law, not allegations of fact, and thus no response is required.

20. This paragraph contains Plaintiff's characterization of the preconditions to PRRB jurisdiction, including the "dissatisfaction" requirement, which are set forth in 42 U.S.C. § 1395oo(a), the implementing regulations at 42 C.F.R. § 405.1835-405.1841, manual provisions, and caselaw, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

21. This paragraph contains Plaintiff's characterization of its lawsuit and conclusions of law, not allegations of fact, and thus no response is required.

22. The first sentence of this paragraph contains Plaintiff's characterization of the PRRB's May 10, 2005 decision, not allegations of fact, and thus no response is required.

The Secretary respectfully refers the Court to the text of the PRRB's May 10, 2005 decision (see A.R. 31-37), which is the best evidence of the document's contents, for a full and accurate statement of its contents. Admits the second, third, and fourth sentences. Denies the fifth sentence, except to admit that the fiscal intermediary made an adjustment to the "expected costs" line, but did not complete the "trended cost" line. Denies the sixth sentence, except to admit that the Provider did not receive a CIB for its cost report period ended August 31, 1999 because it did not qualify for a CIB and because the Provider did not even claim a CIB in its cost report inasmuch as it did not complete any of the cost report lines which are used to compute and claim a CIB (i.e., lines 58.01, 58.02, and 58.03 of Worksheet D-1, Part II of CMS Form 2552-96.)

    23-25. These paragraphs contain Plaintiff's characterization of the PRRB's May 10, 2005 decision, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the text of the PRRB's May 10, 2005 decision (see A.R. 31-37), which is the best evidence of the document's contents, for a full and accurate statement of its contents.

    26-29. Admits.

    30. This paragraph contains Plaintiff's characterization of the Administrator's July 11, 2005 decision, not allegations of fact, and thus no response is required. The Secretary respectfully refers the Court to the text of the Administrator's July 11, 2005 decision (see A.R. 2-9), which is the best evidence of the document's contents, for a full and accurate

statement of its contents.

31. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 30 of the Complaint, as if each answer were set forth in full.

32-34. Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the administrative record.

        Respectfully submitted,

          / s /
        KENNETH L. WAINSTEIN
        (D.C. Bar No. 451058)
        United States Attorney

/ s /

PETER S. SMITH
(D.C. Bar No. 465131)
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372

/ s /

JONATHAN C. BRUMER
(D.C. Bar No. 463328)
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W., Room 5344
Washington, D.C. 20201