UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL HOUSTON HEIGHTS, ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No.  1:05CV01791 (RBW) |
| MICHAEL O. LEAVITT, SECRETARY UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ) ) ) ) | |
| **Defendant.** ) ) | |

**PLAINTIFF HOUSTON HEIGHTS'**
**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Rules 7.1(h) and 56.1 of the Rules of the United States District Court for the District of Columbia, Plaintiff Select Specialty Hospital – Houston Heights ("Houston Heights" or "Plaintiff") submits this Statement of Material Facts Not in Dispute to accompany its Motion for Summary Judgment and states that there is no genuine issue to be tried with respect to the following material facts.

**LEGAL BACKGROUND**

1.   The Decision of the Administrator dated July 11, 2005 constitutes the final administrative decision of the Secretary, of which Plaintiff hereby seeks judicial review. Administrative Record ("AR") at 9; Complaint for Judicial Review of Final Adverse Agency Action ("Complaint") at 3, ¶ 7; Defendant's Answer ("Answer") at 3, ¶ 7.

2.      Jurisdiction over this action is based on section 1878(f) of the Social Security Act (the "Act"), codified at 42 U.S.C. § 1395oo(f)(1), which provides for judicial review of final decisions by the Secretary under the standards of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  AR at 1; Complaint at 3, ¶¶ 8, 9; Defendant's Unopposed Motion for Enlargement of Time Within Which to Respond to the Complaint ("Defendant's Motion for Enlargement of Time") at 1, ¶ 2.

3.      Medicare is a system of federally-funded health insurance for the aged and the disabled.  Medicare is administered under the direction of the Secretary of the U.S. Department of Health and Human Services ("HHS") through the Centers for Medicare and Medicaid Services ("CMS") and numerous fiscal intermediaries and carriers with which CMS contracts for administrative services.  These fiscal intermediaries typically are private insurance companies.  Complaint at 3, ¶ 11; Answer at 3, ¶ 11.

4.      Congress established the Medicare continuous improvement bonus ("CIB") as part of the Balanced Budget Act of 1997. AR at 92; Complaint at 4, ¶ 13; see Pub. L. No. 105-33 (Aug. 5, 1997), codified at 42 U.S.C. §1395ww(b)(2).

5.      Although not subject to the payment limitations under the Medicare Prospective Payment System ("PPS"), LTCHs were subject to other payment limitations and incentives under the reasonable cost-based reimbursement system, including the CIB.  AR at 32; Complaint at 4, ¶ 12; Answer at 4, ¶ 12.

### PLAINTIFF'S COST REPORTING HISTORY

6.      Houston Heights is a Medicare-certified long-term acute care hospital ("LTCH") located in Houston, Texas that opened on September 1, 1994 and was certified by Medicare on March 1, 1995.  AR at 2, ¶ 2; Complaint at 1, ¶ 1; Answer at 2, ¶ 1.

7.      Houston Heights submitted its first cost report as an LTCH for the period from March 1, 1995, through February 29, 1996. This was a 12-month cost report. AR at 2, 33; Complaint at 5, ¶ 16; Answer at 4, ¶ 16.

8.      Houston Heights submitted another 12-month cost report for the period from March 1, 1996, through February 28, 1997. AR at 2, 33; Complaint at 5, ¶ 16; Answer at 4, ¶ 16.

9.      Houston Heights filed a cost report covering the period from March 1, 1997, through August 31, 1997. This filing of a cost report for this 6-month time period was the result of a change in the hospital's fiscal year end. AR at 2, 33; Complaint at 5, ¶ 16; Answer at 4, ¶ 16.

10.     Houston Heights filed a cost report covering the period from September 1, 1997, through July 31, 1998. This filing of a cost report for this 11-month time period was the result of a change in the ownership of the Hospital. AR at 2-3, 33; Complaint at 5, ¶ 16; Answer at 4, ¶ 16.

## PLAINTIFF'S COST REPORT FOR FISCAL YEAR ENDING ("FYE") AUGUST 31, 1999

11.     Houston Heights filed a cost report covering the 13-month period from August 1, 1998, through August 31, 1999. AR at 3, 33; Complaint at 5, ¶ 16; Answer at 4, ¶ 16.

12.     Plaintiff's Medicare operating costs-per-discharge for FYE August 31, 1999 were below targets established pursuant to a statutory formula for a CIB. AR at 33; Complaint at 5, ¶ 17; Answer at 4, ¶ 17.

13.     Data contained on lines 58.02 (the "expected cost" line) and 58.01 (the "trended cost" line) of Worksheet D-1, Part II of CMS Form 2552-96 (the "Worksheet"), are used to compute the CIB. Unless data is input on both lines, no CIB computation is triggered. AR at 3; Complaint at 7, ¶ 22; Answer at 6, ¶ 22.

14.     Houston Heights did not populate all lines in its cost report necessary to calculate the CIB for the fiscal year ending FYE August 31, 1999.  AR at 3; Complaint at 5, ¶ 17; Answer at 6, ¶ 22.

15.     Plaintiff's fiscal intermediary, Mutual of Omaha (the "Intermediary"), adjusted the "expected cost-per-case" portion of the CIB calculation on line 58.02 of the Worksheet for FYE August 31, 1999.  AR at 33, 245; Complaint at 5, ¶ 17; Answer at 4, ¶ 17.

16.     The Intermediary did not populate the "trended cost-per-case" portion of the CIB calculation on line 58.01 of the Worksheet for FYE August 31, 1999.  AR at 33, 245; Complaint at 5, ¶ 17; Answer at 4, 6, ¶¶ 17, 22.

17.     Houston Heights did not receive a CIB for FYE August 31, 1999.  AR at 33, 626; Complaint at 5-6, ¶ 17; Answer at 4, ¶ 17.

18.     Had the CIB been calculated for FYE August 31, 1999, the amount of the CIB would be approximately $535,000.  AR at 131.

19.     On February 28, 2002, the Intermediary issued a Notice of Program Reimbursement (the "NPR") to Houston Heights for FYE August 31, 1999.  AR at 618.

20.     The NPR contains a statement indicating that Houston Heights has "a right to request a hearing in accordance with 42 CFR 405.180 - 405.1889" and that a "Provider Reimbursement Review Board (PRRB) Hearing may be requested if the Amount of Program Reimbursement in controversy is at least $10,000."  The NPR also contains the following statement: "Keep in mind that even though we may be working with you on an issue, you must file a formal appeal to protect your rights."  AR at 618, 619.

## **PROCEEDINGS BELOW**

21.     On August 22, 2002, Houston Heights filed a timely request for a hearing before the Provider Reimbursement Review Board (the "Board").  AR at 614.

22.     On September 6, 2002, the Board issued its Acknowledgment and Critical Due Dates notice granting Plaintiff's request for hearing, assigning a case number, and establishing a schedule for the submission of position papers by the parties.  AR at 612.

23.     In its Decision dated May 10, 2005, the Board majority found that it had jurisdiction over Plaintiff's case as the Intermediary made an adjustment to the expected cost line of the Worksheet.  AR at 33-34.

24.     In its Decision dated May 10, 2005, the Board unanimously found that the Intermediary should make an adjustment in accordance with the methodology outlined in the Provider's Supplemental Submission (AR at 278-586) to calculate Plaintiff's eligibility for a CIB.  AR at 36.

Respectfully submitted,

*/s/ Andrew L. Hurst*
Andrew L. Hurst, D.C. Bar # 455471
Kevin R. Barry
Drew W. Carlson
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C.  20005
(202) 414-9200

Dated: September 8, 2006