UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL-<br>HOUSTON HEIGHTS,<br><br>             Plaintiff,<br><br>      v.<br><br>MICHAEL O. LEAVITT[1],<br>Secretary of Health and Human Services,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV01791 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S CONCISE STATEMENT OF GENUINE ISSUES**

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), hereby responds to Plaintiff's Rule 7.1 Statement of Material Facts Not In Dispute ("Plaintiffs' Statement" or "Pls.' Statement") in accordance with Rules 56 of the Federal Rules of Civil Procedure and Local Rules 7.1(h) and 56.1.

Plaintiffs' Statement (specifically, the allegations in paragraphs 1, 2, 3 (first sentence), 4 and 5) contains several conclusions of law, and characterizations of this action and legal authorities, not allegations of fact. Moreover, Defendant avers that, to the extent that the parties disagree as to the facts underlying the present action, those disagreements are not material. Indeed, all material facts are those found in the record, under the Medicare Act, 42 U.S.C. § 1395oo(f)(1), and the Administrative Procedure Act, 5 U.S.C . § 706(2), the facts found by the agency are reviewed to determine whether they are supported by substantial evidence taken as a whole. There are no triable issues of fact. Nevertheless, responding specifically to the numbered

---

[1]   Michael O. Leavitt is substituted as Defendant pursuant to Fed. R. Civ. Pro. 25(d)(1).

paragraphs of Plaintiffs' Statement and using the same paragraph numbering, Defendant responds to the following specific assertions in Plaintiffs' Statement:

    18. The Secretary lacks information sufficient to admit or deny the amount of a Continuous Improvement Bonus ("CIB") that would have been awarded to Plaintiff Select Specialty-Houston Heights ("Select Specialty") had Select Specialty received a CIB, because Select Specialty failed to complete or "populate" any of the lines in its cost report which are used by Intermediaries to determine both whether a hospital is eligible for a CIB and to calculate the CIB amount to be awarded where it does: lines 58.01 (the trended cost line), line 58.02 (the expected cost line), and 58.03 of Worksheet D-1, Part II of CMS form 2552-96. See, e.g., Certified Administrative Record for Select Specialty Hosp.-Houston Heights v. Thompson, 1:05CV01791 (RBW) (D.D.C. filed Sept. 9, 2005) ("AR") at 3, 6, 33, 127, 158, 192-93, 200, 238, 290; 42 U.S.C. §§ 1395ww(b)(2)(A), 1395ww(b)(2)(E). Moreover, the Secretary notes that Select Specialty has been inconsistent in its statements regarding the value of the CIB it would have received had it been awarded a CIB. See, e.g., AR 131 (PRRB testimony of Select Specialty's witness that a CIB would have been worth "upwards of around $535,000"), 591 (Select Specialty's final position paper, asserting that "[t]he Hospital is entitled to additional reimbursement in the amount of $514,752").

Respectfully submitted,

_____/ s /_____
JEFFREY A. TAYLOR,
United States Attorney
D.C. Bar No. 498610


_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780


_____/ s /_____
JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human
 Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5344
Washington, D.C. 20201
(202) 205-8703/FAX: (202) 401-1405