UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL – HOUSTON HEIGHTS, 1917 Ashland Street Houston, Texas 77008,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL O. LEAVITT, Secretary of Health and Human Services, 200 Independence Avenue, S.W. Washington, D.C. 20201,<br><br>   Defendant. | Civil Action No. 1:05CV01791 (RBW) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made between Select Specialty Hospital – Houston Heights ("Select Specialty") and Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary").

WHEREAS, Select Specialty has brought suit in the United States District Court for the District of Columbia challenging the Secretary's decision denying Select Specialty's request for a continuous improvement bonus ("CIB") for its fiscal year ending August 31, 1999;

WHEREAS, the Secretary denies any liability to Select Specialty based on its allegations in this litigation; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and drain on resources that may be associated with protracted litigation.

NOW THEREFORE, Select Specialty and the Secretary, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation").

1. The Secretary shall make payment by check or by electronic funds transfer to Select Specialty in the sum of $406,386 ("the payment") in full and final satisfaction of all claims asserted in this litigation concerning the Secretary's denial of Select Specialty's request for a CIB for its fiscal year ending August 31, 1999.

2. Effective upon receipt of the payment, Select Specialty hereby releases the Secretary and his agents from all claims arising from or on account of the Secretary's denial of Select Specialty's request for a CIB for its fiscal year ending August 31, 1999.

3. The parties agree that the Secretary shall make the payment to Select Specialty within sixty (60) days of the execution of this Stipulation.

4. This Stipulation does not constitute an admission of fact or law by either party and shall in no way affect any rights, claims, duties or obligations the parties may have with respect to any other issues not covered by this stipulation.

5. The parties shall bear their own costs and attorney's fees.

6. Nothing in this Stipulation shall be construed as preventing the Secretary from reopening any cost report on the basis of reliable evidence of fraud or similar fault, as provided in Medicare regulations.

7. The terms of this Stipulation are incorporated into an Order dismissing this action with prejudice pursuant to Fed. R. Civ. Proc. 41 (a) (2), except that either party may bring an action to enforce the terms of this Stipulation.

Respectfully submitted,

| | |
|---|---|
| /s Andrew L. Hurst (by permission) | /s Jeffrey A. Taylor |
| ANDREW L. HURST | JEFFREY A. TAYLOR |
| D.C. Bar No. 455471 | United States Attorney |
| KEVIN R. BARRY | D.C. Bar No. 498610 |
| DREW W. CARLSON | |
| Reed Smith LLP | /s Peter S. Smith |
| Suite 1100 – East Tower | PETER S. SMITH |
| Washington, DC 20005 | Assistant United States Attorney |
| (202) 414-9200 | D.C. Bar No. 465131 |

/s Lawrence J. Harder
JONATHAN BRUMER
Attorney
LAWRENCE J. HARDER
Supervisory Trial Attorney
United States Department of Health and Human Services
Centers for Medicare and Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244

SO ORDERED this ___ day of _____, 2007.

                                                                     United States District Judge